FILED
2020 DEC 29 AM 10:26
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MANETIRONY CLERVRAIN,<br><br>Petitioner,<br><br>v.<br><br>GARY HERBERT,<br><br>Respondent. | **MEMORANDUM DECISION & DISMISSAL ORDER**<br><br>Case No. 2:20-CV-880-JNP<br><br>District Judge Jill N. Parrish |

Petitioner styles his initial pleading, "Motion for Consideration and Compelling Imposition Financial Burden by Invoking the ANT(S) Movement Act ('TAMA')." Seeking clarification of what Petitioner could possibly mean by this, the Court reviewed the pleading's contents for relevant clues: (1) Petitioner names as respondent Governor Gary Herbert of Utah, yet Petitioner is held at an Oklahoma facility. (2) Petitioner refers to himself as "Deportable Alien" and alleges abuse of immigrants "by illegal practice," violations of federal criminal law, and "illegal detention." (3) Petitioner's "Prayer for Relief" appears to request that his conviction be vacated and that a criminal investigation be opened regarding activities of various unnamed prison authorities in unnamed locales.

Considering the primary remedy requested is relief from an allegedly illegal conviction and detention, the Court construes the initial pleading as a habeas-corpus petition of some kind and grants Petitioner's motion to proceed *in forma pauperis*. *See* 28 U.S.C.S. § 1915 (2020).

## SCREENING ANALYSIS

### A. Standard of Review

Claims in a petition filed *in forma pauperis* are dismissed if they fail to state a claim upon which relief may be granted. *See id.* § 1915(e)(2)(B). "Dismissal of a *pro se* [petition] for failure to state a claim is proper only where it is obvious that the [petitioner] cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing a petition's sufficiency, the Court "presumes all of [petitioner's] factual allegations are true and construes them in the light most favorable to the [petitioner]." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Petitioner proceeds *pro se* the Court construes the pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However, "[t]he broad reading of the [petition] does not relieve [Petitioner] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

### B. Application of Standard of Review to Initial Pleading

Whether Petitioner is a federal or state prisoner (which he does not make clear in his initial pleading), the governor of Utah--the only respondent named--cannot possibly have the authority to release Petitioner from a detention facility in Oklahoma. There is no mention in the initial pleading of any tie that Petitioner may have to the State of Utah, period. Further, Petitioner's initial pleading is not a valid way to instigate a federal criminal investigation. Petitioner has failed to state a claim upon which relief may be granted.

## CONCLUSION

**IT IS ORDERED** that Petitioner's *in forma pauperis application* is **GRANTED**, and the petition is **DISMISSED** with prejudice.

DATED December 29, 2020.

BY THE COURT:

JUDGE JILL N. PARRISH
United States District Court